CUMBERLAND TELEPHONE & TELEGRAPH CO. v. LOUISVILLE HOME TEL. CO.

(Circuit Court, W. D. Kentucky. July 31, 1901.)

TELEPHONES—RIGHTS UNDER CONFLICTING GRANTS—PRIORITY OF OCCUPATION.
Complainant constructed and had maintained and operated for several years a telephone line along the streets of a city under a grant which was still subsisting when the city granted to defendant a franchise to construct and maintain a line on the same side of the same streets. Neither grant was exclusive, and there was no ordinance of the city regulating the construction and operation of such lines. *Held*, that complainant by its prior lawful occupancy had acquired the superior right, and that defendant was not entitled to so construct its line as to interfere with the safety or efficient operation of complainant's system.[1]

In Equity. On motion for preliminary injunction.

Humphrey, Burnett & Humphrey and Fairleigh, Straus & Eagles, for complainant.

Helm, Bruce & Helm, for defendant.

[1]Rights of telephone and telegraph companies to use of streets, see note to Southern Bell Telephone & Telegraph Co. v. City of Richmond, 44 C. C. A. 155.

EVANS, District Judge.   A case between these parties which involved precisely the same questions as this one was before the court a few days ago, and was very carefully considered.   110 Fed. 593.   I reached the conclusions stated somewhat at large in the opinion then delivered, and I need not repeat what was there said.   There was a total failure upon the part of the city to regulate the manner of constructing telephone lines along its streets, especially where more than one company claimed the privilege.   The city seems to give a general permit to do so, and then turns the company loose to do the best it can.   In the absence of any specific regulation by the city, we have here the case of two telephone companies, each one of which is a private corporation operating its business exclusively for private gain, and only to a certain extent having any function properly called public, but each one of which has a franchise to build a telephone line on certain sides of certain streets, though one of them has the equitable and legal advantage of several years' prior occupancy of certain space in the most eligible positions, but from which the other desires to remove it or else to divide the occupancy; and the court is called upon to say whether the right to do so exists.   I believe there is no break in the long line of authorities which hold that priority in time of occupancy in such cases gives priority and superiority in right, and that the first occupant cannot be ousted, shoved aside, or interfered with by a later claimant.   In the former opinion I stated generally the grounds upon which I not only followed, but altogether concurred, in the views expressed in numerous cases.   Much of the matter contained in the elaborate and possibly somewhat argumentative affidavits read by the defendant might be very persuasive if presented to the legislative department of the city government in an effort to induce it to devote the streets of the city to certain uses, and to settle the terms upon which such devotion should be made, but, when addressed to the court in an action inter partes which seeks to determine the rights of mere litigants, they do not seem to have much bearing upon the question of the rights of the complainant growing out of its prior lawful occupancy of certain parts of certain streets under a license from the city, which I think is the one point upon which the pending question must be decided.   We are concerned only to ascertain whether the complainant has any lawful rights in the premises which have been unlawfully invaded by the defendant.   If the complainant has rights superior to those of the defendant, the latter must yield.   Abstractly the rights might have been equal, but concretely it may be that priority of appropriation of certain space gives priority of right therein.   By its general grant to the complainant, the city, in contemplation of law, gave the necessary space over the street and in the street for the construction and operation of complainant's telephone system.   When this space was afterwards appropriated and occupied by the complainant its title thereto became complete and exclusive as to everybody, unless it might be the city, and the permission given to defendant in general terms to use the street did not revoke, and was not intended by the city authorities to revoke, any right of the complainant thus acquired, but was necessarily subject to the previously acquired right.   Principles

somewhat similar to those which govern in cases of conflicting land warrants and entries might be applied. See Atherton v. Fowler, 96 U. S. 515–519, 24 L. Ed. 732; Mower v. Fletcher, 116 U. S. 385, 386, 6 Sup. Ct. 409, 29 L. Ed. 593. The court by no means says that the defendant may not occupy either or both sides of Park avenue or of Hill street. With those matters as abstract propositions we have nothing to do. All the court says is that, in its opinion, the defendant should not be permitted to invade the space on either street previously and lawfully appropriated and occupied by the complainant. What has been done between other companies in Ohio and other states, as shown by the evidence, does not seem to have been resisted by the earlier occupant, and we must assume that there was either actual or tacit consent upon some ground, the nature of which can only be conjectured; but, at all events, those matters cannot have force here, where the lawful and first occupant does, as such, vigorously resist any invasion of its rights, and asks the court to protect its superior equities as such occupant,—equities which arise out of that occupancy, considered in connection with the absence of any regulation by the city government. If I am wrong in supposing that previous lawful occupancy cannot be interfered with in the absence of statute or city regulation governing the right of interference as one of the terms or conditions of the user, then there should be no injunction; but as I am clearly of opinion that prior appropriation and occupation of necessary space by the complainant under the authority of the city does give it superior equities and rights as to that space as against all mere competitors, whatever might be the case as to the city, I think the complainant is entitled to an injunction pendente lite to prevent any interference by the defendant with the operation of the complainant's lines within that space, and from any attempts by the defendant to enter that previously appropriated space by any intrusion therein of any of its poles or any part of its outfit, and, indeed, into any part of the space below that actually occupied by the wires of the complainant. A temporary injunction similar to that in the former case is granted.